## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **No. 23-cr-288 (BAH)** |
| **JOSEPH PASTUCCI &** | **:** | |
| **JEANETTE MANGIA,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### GOVERNMENT'S OPPOSITION TO
### DEFENDANT'S MOTION TO STAY PROCEEDINGS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendants' joint motion to continue the stipulated trial in this matter. The defendants argue that their trial cannot proceed until the Supreme Court rules in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The issue to be considered is the appropriate interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which they have been charged. This development does not merit a continuance of the stipulated trial scheduled for April 26, 2024.

The defendants move to continue their stipulated trial and stay any further proceedings in this case until the Supreme Court reaches a resolution in *Fischer*. ECF No. 36 at 1. When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting

*Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

With regard to continuances, "[i]t is firmly established that the granting or refusal of a continuance is a matter within the discretion of the judge who hears the application, and is not subject to review absent a clear abuse." *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). A court's review of a motion to continue "necessarily depends on all the surrounding facts and circumstances," including: (1) the length of the requested delay; (2) whether other continuances have been requested and granted; (3) the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; (4) whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; (6) whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; (7) and other relevant factors which may appear in the context of any particular case. *Id.* at 491.

This Court has previously declined to continue proceedings similar to the ones at issue in this case on the same basis. *See United States v. Carnell et al.*, 23-cr-139 (BAH), ECF No. 75 at 7 ("[T]he unlikely chance of defendants' success on the merits, coupled with the lack of irreparable harm to defendants, compounded by the significantly strong interests of the government and the public in bringing criminal matters involving the events at the U.S. Capitol on January 6, 2021, to closure promptly and the interest of this court to control its criminal docket in a manner that avoids delays in criminal trials due to backlogs of stayed matters, all weigh heavily against a stay."). Other

judges have concurred. *See, e.g.*, *United States v. Nichols et al.*, 21-cr-117 (RCL) (Minute Order, 12/21/2023) (denying motion to continue trial pending resolution of *Fischer*); *United States v. Dunfee*, 23-cr-36 (RBW), ECF No. 60 (same); *United States v. Thomas Caldwell*¸ 21-cr-28 (APM) (Status Hearing, 12/20/2023) (declining to continue sentencing based on *Fischer*); *see United States v. Middleton et al.*, 21-cr-367 (RDM) (Minute Order, 1/25/2024) ("Although Defendants invoke the Supreme Court's grant of writ of certiorari in the *Fischer* case, legal uncertainty exists in most criminal cases, and there is no reason to believe that the Supreme Court's decision in Fischer will eliminate all such uncertainty regarding each of the nine charges in this case.")

Here, the relevant factors weigh against a continuance. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. *See Carnell*, 23-cr-139, ECF No. 75 at 4 ("To be sure, the face that the Supreme Court has granted certiorari in Fischer is notable, but given the fractured nature of the views expressed by [the D.C. Circuit], the reason for further appellate review may be merely to clarify rather than to reject the majority holding."); *United States v. Bledsoe*, 21-cr-204-BAH, ECF No. 260, at *8-9 ("Indeed, defendant may be overly optimistic that the Supreme Court's resolution of *Fischer* may be favorable to him[.]"). The defendants are thus far from making a "strong showing" that they are likely to succeed.

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the offenses for which the defendant has been charged and more than a year after they were arrested. A lengthy delay of trial for the defendants would afford them an unfair advantage not granted to the approximately one hundred and fifty people who have been convicted of violations of Section 1512 in connection with the events of January 6, many of whom have been sentenced

and are now serving terms of incarceration as a result of their convictions. The defendants should not, based on the timing of their trial relative to the Supreme Court's grant of certiorari, receive any benefit not afforded to the many other people who have been tried, convicted, and—in many cases—incarcerated for violations of this statute.

Even if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate any application of Section 1512(c)(2) to the defendants.[1] And even if it did, the appropriate venue for challenging such a conviction would be a post-conviction appeal. Similarly, there is no reason to continue the defendants' trial when there is a strong possibility that, if they were convicted of obstruction of an official proceeding, they would not be sentenced until *after* the Supreme Court has ruled in *Fischer.* Even if the defendants were sentenced before the ruling in *Fisher*, they may challenge the conviction and sentencing by moving for bail pending appeal. *See, e.g.*, *Bledsoe*, 21-cr-204-BAH, ECF No. 260 (releasing the defendant pending appeal in §1512 case).

Importantly, the defendants here are charged with and will be tried for more offenses than solely obstruction of Congress. They have also been charged with violations of 18 U.S.C. §231(a)(3), 18 U.S.C. § 111, 18 U.S.C. § 1752(a), and 40 U.S.C. § 5104(e)(2). Therefore, if the Supreme Court were to rule adversely to the government with respect to Section 1512(c)(2)'s application to this case, the defendants would still need to be tried for five other charges. The series of cases to which the defendants cite in support of their motion to continue and stay proceedings were all cases in which each of respective defendants faced violations of 18 U.S.C. § 1512(c)(2) as their sole felony and were otherwise charged with misdemeanors, and, in many cases, were set

---

[1] This is particularly true in this case where the defendants were on the floor of the Senate for an extended period, and the government has evidence that the defendants were specifically aware of and discussing the paper electoral ballots that were to be counted during the joint session.

to be sentenced rather than tried. *See United States v. Seitz*, 21-cr-279 (DLF) (Minute Order, 12/22/2023, granting a stay of proceedings in advance of sentencing); *United States v. Zink*, 21-cr-191 (JEB) (Minute Order, 12/28/2023) (same); *United States v. Adams*, 21-cr-354 (APM), ECF No. 85 (granting a release from custody pending appeal for a defendant convicted of the sole felony count of 18 U.S.C. §1512(c)(2)); *United States v. Sheppard*, 21-cr-203 (JDB), ECF 142 (same)). Regardless of the implications of *Fischer*, the public and the government have a right to a prompt resolution of criminal cases respect to the other charges on the indictment.  The public and the government has an interest in a speedy trial in this case; that interest would be disserved by delay at this juncture.  The public interest lies firmly with finally trying this case.

The defendants' motion to stay/continue their trial for an indeterminate time should be denied, and the Court should proceed with the stipulated trial as scheduled on April 26, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     *s/ Sean P. McCauley*
SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov