IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 1:23-288-BAH-02 |
| | : | |
| JEANETTE MANGIA, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

Comes now Defendant, Jeanette Mangia by and through her attorney Allen Orenberg, to respectfully request the entry of an Order suppressing all statements taken by law enforcement officers on April 26, 2023, and/or at any other time. The Defendant asks for a hearing and submits the following.

**STATEMENT OF FACTS**

Ms. Mangia is charged with various offenses arising out of her presence at the U.S. Capitol building and grounds on January 6, 2021. Specifically:

- Count 1 – 18 U.S.C. § 1512(c)(2) (Obstruction of an Official Proceeding)

- Count 2 – 21 U.S.C. § 231(a)(3) – (Civil Disorder)

1

- Count 3 – 18 U.S.C. § 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers)

- Count 4 – 18 U.S.C. § 1752(a)(1) (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority)

- Count 5 – 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds)

- Count 6 – 18 U.S.C. § 1752(a)(4) (Engaging in Physical Violence in a Restricted Building or Grounds)

- Count 7 – 40 U.S.C. § 5104 (e)(2)(A) (Entering and Remaining on the Floor of Congress)

- Count 8 – 40 U.S.C. § 5104 (e)(2)(C) (Entering and Remaining in Certain Rooms in the Capitol Building)

- Count 9 – 40 U.S.C. § 5104 (e)(2)(D) (Disorderly Conduct in a Capitol Building)

- Count 10 – 40 U.S.C. § 5104 (e)(2)(F) (Engaging in an Act of Physical Violence in the Capitol Grounds or Buildings)

- Count 11 – 40 U.S.C. § 5104 (e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building)

Early on the morning of April 26, 2022, Jeanette Mangia was arrested in this case and she was taken (in handcuffs) to the United states Courthouse in Harrisburg, PA. There, the FBI Agents conducted an interview (beginning at approx. 8:05 a.m.) without a knowing and

voluntary relinquishment of her Fifth Amendment rights. The interview occurred in a very small room where Ms. Mangia was surrounded by several law enforcement personnel. She was clearly in-custody. She did execute a *Miranda* rights form, (Exhibit 1) and she gave a statement which is memorialized in a FD-302. (Exhibit 2)

Notwithstanding the *Miranda* waiver, her incriminating statement was not voluntary nor was it knowing, and it was improperly and unlawfully taken. This is because Ms. Mangia was under the impression that if she cooperated by speaking with law enforcement officers, then she would treated with leniency and, moreover, the government would (if she was detained and/or sent to prison) provide her assistance with support for her teen age son who has special needs.

## LAW ON STATEMENTS

The Supreme Court has determined that the Fifth and Fourteenth Amendment's prohibition against compelled self-incrimination requires that custodial interrogation be preceded by advice to the Defendant that he has the right to remain silent and the right to the presence of an attorney. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). Miranda

warnings are required before custodial interrogation begins. *Id*. at 444-45. Before it can use any statements produced through custodial interrogation, the government has the burden to show that. "the defendant 'voluntarily, knowingly and intelligently' waived [these] rights." *J.D.B. v. North Carolina*, 564 U.S. 261, 269-70 (2011). Moreover, the Government must show the statements were obtained without coercion or improper inducement. *Colorado v. Connolly*, 479 U.S. 157 (1986).

Should a defendant make a statement, a court must examine the voluntariness of the particular statement and test whether the statement was freely given under the totality of the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *see also, Malloy v. Hogan*, 378 U.S. 1, 6- 7 (1964) (the constitutional inquiry is not whether the conduct of the law enforcement officers in obtaining the confession was shocking, but whether the confession was free and voluntary); *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). The government bears the burden of proving by a preponderance of the evidence that a statement allegedly made by a defendant was voluntary, or fits into

exceptions to this general rule. *Lego v. Twomey*, 404 U.S. 477, 489 (1972); *United States v. Garcia*, 780 F. Supp. 166, 171 (S.D.N.Y. 1991). Without a valid Miranda waiver, the police may not ask questions, even during booking, that are designed to elicit incriminatory admissions. *Pennsylvania v. Muniz,* 496 U.S. 582, 601-02 & n. 14. Accordingly, the questioning here by law enforcement officers did serve to elicit incriminatory admissions.

The government bears the burden to demonstrate a knowing and intelligent waiver of the privilege against self-incrimination when a defendant raises a colorable claim of coercion. *See Miranda* 384 U.S. at 475; 18 U.S.C. § 3501(b) (setting forth criteria for determining when a confession is "voluntary" or "coerced.") And when determining voluntariness of a statement, the "totality of the circumstances" must be examined, including the defendants individual characteristics and background, the setting in which the statement occurred, and the details of the interrogation or interview. *United States v. Elie*, 111 F. 3d 1135, 1143-44, (4th Cir. 1997); *United States v. Pelton*, 835 F.2d 1067, 1071-72

5

(4th Cir. 1987). *Accord United States v. Van Metre*, 150 F 3d 339, 348-49 (4th Cir. 1998).

A criminal defendant's statement is inadmissible for any purpose "'if under the totality of the circumstances it was involuntarily obtained.'" *United States v. Reed*, 522 F.3d 354, 358-59, 380 U.S. App. D.C. 329 (D.C. Cir. 2008) (quoting *United States v. Bradshaw*, 935 F.2d 295, 299, 290 U.S. App. D.C. 129 (D.C. Cir. 1991)). Voluntariness turns on whether "'the defendant's will was overborne' when he [**18] gave the statement." *United States v. Murdock*, 667 F.3d 1302, 1305, 399 U.S. App. D.C. 153 (D.C. Cir. 2012) *(quoting Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973)). "[T]he test for this is whether the statement was a 'product of an essentially free and unconstrained choice by its maker.'" Id. (*quoting Culombe v. Connecticut*, 367 U.S. 568, 602, 81 S. Ct. 1860, 6 L. Ed. 2d 1037 (1961)).

## ARGUMENT

The government cannot met its burden to demonstrate a knowing and intelligent waiver of the privilege against self-incrimination. Despite a purported waiver of his Fifth Amendment rights she did not make a

6

"deliberate choice" to waiver her right against incrimination. She did not do so voluntarily, nor was she aware of the consequences of her decision to speak with the FBI Agents in that small interview room on April 26, 2023.

Furthermore, Ms. Mangia has no experience with tactics employed by law enforcement to elicit a incriminating statement. Her will was overborne and her capacity for self-determination was critically impaired due to the conduct of law enforcement officers. Therefore, when the Court evaluates the totality of the circumstances as to the validity of the *Miranda* waiver, it should suppress the April 26, 2023, statement, and any other statements made by Ms. Mangia to law enforcement officers.

It is clear that Ms. Mangia was in-custody at the time of the interview. The incriminating statement made on April 23, 2023, was obtained by improper inducement inasmuch as Ms. Mangia was under the impression that if she cooperated by speaking with law enforcement officers, then she would treated with leniency and, moreover, the government would (if she was detained and/or sent to prison) provide her assistance with support for her teen age son who has special needs.

7

WHEREFORE, for the foregoing reasons and such other reasons which may appear just and proper, any statements obtained on April 26, 2023, and any other statements made by Ms. Mangia, should not be allowed to be introduced in the government's case in chief at trial.

Respectfully submitted,

_____
Allen H. Orenberg, # 395519
The Orenberg Law Firm, LLC
200-A Monroe Street, Suite 233
Rockville, Maryland 20850
Tel. No. 301-807-3847
Fax No. 240-238-6701
aorenberg@orenberglaw.com
Counsel for Jeanette Mangia

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May 2024, I electronically filed the foregoing Defendant Jeanette Mangia's Motion to Suppress Statements, and a proposed Order, with the Clerk of the Court. Participants in the case who are registered CM/ECF users will be served by the District Court's CM/ECF.

_____

Allen H. Orenberg