UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | No. 1:23-CR-288 (BAH) |
| | : | |
| **JEANETTE MANGIA,** | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT'S RESPONSE TO UNITED STATES' MOTION IN LIMINE

Defendant, Jeanette Mangia, by and through undersigned counsel, submits her Response in Opposition to United States's motion *in limine* [58]. None of the issues raised by the government are novel. Counsel has found a nearly identical motion *in limine* for another January 6 case litigated by a different prosecutor. *See* Exhibit 1, *United States v. Baez*, No. CR 21-0507 (PLF), 2023 WL 6364648, at *5 (D.D.C. Sept. 29, 2023). Because none of these issues are novel—and many have been consistently and unanimously decided by this Court—Defendant generally asks this Court to make the same decisions that this Court has already made in similar cases.[1] Therefore, Defendant respectfully asks that this Court deny the government's motion in part, and grant it in part.

### LEGAL STANDARD

"While neither the Federal Rules of Civil Procedure nor the Federal Rules of

---

[1] Defendant here only deviates by asking this Court to make a different decision on the second issue regarding Secret Service operations. But that is because Defendant raises a novel response.

1

Evidence expressly provide for motions *in limine*, the Court may allow such motions 'pursuant to the district court's inherent authority to manage the course of trials.'" *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 78 (D.D.C. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). "Motions *in limine* are designed to narrow the evidentiary issues at trial." *Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010). "[T]he trial judge's discretion extends not only to the substantive evidentiary ruling, but also to the threshold question of whether a motion *in limine* presents an evidentiary issue that is appropriate for ruling in advance of trial." *Chapin St., LP v. PNC Bank, N.A.*, No. 08-cv-01532, 2012 WL 13225423, at *1 (D.D.C. Aug. 14, 2012). Still, such "pre-trial ruling[s], if possible, may generally be the better practice, for it permits counsel to make the necessary strategic determinations" prior to trial. *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980). However, "a motion *in limine* should not be used to resolve factual disputes or weigh evidence." *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).

## ARGUMENT

### I.  Location of Security Cameras

The government asks the Court to exclude Defendant's presentation of evidence about the "specific position" and "exact locations" of Capitol Police surveillance cameras. *See* Government's Motion in Limine [58] at 3. It suggests that Defendant can present evidence about the "general location" of cameras. *See* Government's Motion in Limine at 4. It gives an example for a general location,

2

such as "inside the tunnel, facing out." *See* Government's Motion in Limine [58] at 4.

Defendant agrees. Counsel will stick to presenting evidence about the "general location" of security cameras. But, Counsel still plans to ask about: (1) the content of the videos that the security cameras captured, (2) the angles at which they captured videos, (3) what the cameras potentially did not capture because of their general locations, and (4) the content that security cameras could have captured had they been present at other locations.

## II. Secret Service Operations

The government asks the Court to exclude Defendant's presentation of evidence about two "specific Secret Service tactics and emergency operations," specifically:

> 1. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur; and
> 2. Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees.

*See* Government's Motion in Limine [58] at 6-7. And, the government also asks the Court to limit "questioning about the function performed by the Secret Service as testified to on direct exam, in this case protecting the Vice President and his family." *See* Government's Motion in Limine [58] at 6.

But, Secret Service operations are highly relevant for four crimes. For the first three crimes, 18 U.S.C. s 1752(a)(1), (2), and (4) share the element "restricted building or grounds." It means "any posted, cordoned off, or otherwise restricted

area--of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. s 1752(c)(1)(B). Without knowing when and where the Secret Service took the Vice President, it is impossible to determine whether the Capitol building or grounds were "restricted" within the meaning of the statutes.

For example, there are numerous tunnels under the Capitol building leading to other buildings that the Secret Service might have taken the Vice President. Three factual and legal questions arise that are highly relevant and potentially dispositive, which are: (1) whether those tunnels are part of the Capitol building, (2) whether the Vice President was taken there, and (3) whether Defendant arrived at the Capitol building after the Vice President was no longer in the building and already in the tunnels. Therefore, depending upon the details about the Secret Service's protection of the Vice President, the Capitol building might not have been "restricted" within the meaning of the statute based on the Vice President's location and the definition of the perimeter of the Capitol building.

For the fourth crime, 18 U.S.C. s 231(a)(3) has a jurisdictional prong "obstruct[ing], delay[ing], and adversely affect[ing]... a federally protected function." One potential way the government can prove a federally protected function is Secret Service protection. So, the details of Secret Service protection is again highly relevant.

Counsel agrees that an *in camera* and *ex parte* hearing is appropriate for resolving this issue. *See* Government's Motion in Limine at 7.

4

### III.       Public Authority & Entrapment by Estoppel Defenses

The government argues that Defendant should be prohibited from asserting the public authority and entrapment by estoppel defenses because there is insufficient evidence for the following two elements they share: (1) Defendant relied on a legal statement, and (2) Defendant reasonably relied on the legal statement. *See* Government's Motion in Limine at 9.

Admittedly, this Court has consistently held that the public authority and entrapment by estoppel defenses are unavailable for then-President Trump's statements. *See United States v. Carpenter*, No. CR 21-305 (JEB), 2023 WL 1860978, at *2 (D.D.C. Feb. 9, 2023); *United States v. Eicher*, No. CR 22-38 (BAH), 2023 WL 3619417, at *7 (D.D.C. May 23, 2023).

Even so, this Court has held that the public authority and entrapment by estoppel defenses are available for law enforcement's statements or actions. See *United States v. Carpenter*, No. CR 21-305 (JEB), 2023 WL 1860978, at *2 (D.D.C. Feb. 9, 2023) ("The Court will preclude that defense as to the statements made by the former President but will allow it at this juncture as to the Capitol Police."); *United States v. Eicher*, No. CR 22-38 (BAH), 2023 WL 3619417, at *7 (D.D.C. May 23, 2023) ("Even though defendant has failed to meet the requirements to raise an affirmative defense, she will be permitted to present evidence that she believed she had lawful authority to enter or remain in a restricted building or grounds to negate the necessary *mens rea* of Count One, and the jury will be able to assess the credibility and believability of that testimony in the fuller evidentiary context of what was occurring when defendant allegedly engaged in the charged offense

conduct."); *United States v. Easterday*, No. CR 22-404 (JEB), 2023 WL 6646384, at *3 (D.D.C. Oct. 12, 2023) ("The Government also seeks to keep out evidence or arguments 'suggesting that' law enforcement officials 'gave the defendant permission to attack the U.S. Capitol.' The Court finds that such a ruling would be premature and should await the presentation of evidence at trial… Such evidence may be admissible, for instance, to the extent that police inaction or purported invitations to enter restricted areas actually affected Defendant's knowledge or intent.") (internal citation omitted; alteration added).

Therefore, Defendant asks that this Court afford her the same opportunity that it has afforded to other defendants for the same reasons. The government can move for judgment as a matter of law if it believes that Defendant has not introduced sufficient evidence at trial.

### IV. Law Enforcement Inaction

This Court has consistently held that law enforcement inaction is relevant for defendants' state of mind. *See United States v. Eicher*, No. CR 22-38 (BAH), 2023 WL 3619417, at *7 (D.D.C. May 23, 2023) ("Similarly, defendants who seek to present evidence of law enforcement inaction during the January 6th riot have been permitted to do so, provided they actually perceived such inaction, because this evidence may be probative of their state of mind."); *United States v. Carpenter*, No. CR 21-305 (JEB), 2023 WL 1860978, at *3 (D.D.C. Feb. 9, 2023) ("The Government also seeks to preclude the defense 'from arguing that any failure to act by law enforcement' to prevent protesters from entering the Capitol 'rendered [Carpenter's]

6

conduct legal.' On this point, the Court agrees with Defendant that such a ruling would be premature and should await the presentation of evidence at trial. Considering what evidence is admitted, the Court will rule before closings and instructions whether this defense is available.") (alteration in original; internal citation omitted); *United States v. Baez*, No. CR 21-0507 (PLF), 2023 WL 6364648, at *8 (D.D.C. Sept. 29, 2023) ("Finally, the Court notes that the government and Ms. Baez appear to agree that the purported inaction of law enforcement officers may be relevant to her state of mind on January 6. The Court therefore will not prohibit Ms. Baez from making this argument, as long as she can establish that she was aware of this alleged inaction."); *United States v. Easterday*, No. CR 22-404 (JEB), 2023 WL 6646384, at *3 (D.D.C. Oct. 12, 2023) ("The Government also seeks to keep out evidence or arguments "suggesting that" law enforcement officials "gave the defendant permission to attack the U.S. Capitol." The Court finds that such a ruling would be premature and should await the presentation of evidence at trial.") (internal citation omitted).

Therefore, Defendant asks that this Court afford her the same opportunity that it has afforded to other defendants for the same reasons.

### V. First Amendment

The government's motion *in limine* preventing First Amendment as-applied challenges is premature. This Court has consistently held that defendants may raise a First Amendment as-applied challenge under Rule 29 of the Federal Rules of Criminal Procedure. *See United States v. Warnagiris*, No. CR 21-0382 (PLF), 2023 WL 6973213, at *6 (D.D.C. Oct. 23, 2023) ("if Mr. Warnagiris chooses to argue that

7

any of the statutes under which he is charged are unconstitutional as applied to his conduct, he may raise those arguments on a motion under Rule 29 of the Federal Rules of Criminal Procedure."); *United States v. Baez*, No. CR 21-0507 (PLF), 2023 WL 6364648, at *8 (D.D.C. Sept. 29, 2023) ("In the same Opinion, the Court noted that a decision on Ms. Baez's as-applied challenges to these statutes is premature at the motion to dismiss stage, but that the Court "may consider Ms. Baez's as-applied challenge ... on a motion during trial under Rule 29 of the Federal Rules of Criminal Procedure, if appropriate." Id. at *6. The Court reiterates that Ms. Baez may raise as-applied First Amendment arguments at the appropriate time on a motion under Rule 29."); *United States v. Bru*, Crim. No. 21-0352, 2023 WL 4174293, at *3 (D.D.C. June 26, 2023).

Therefore, Defendant asks that this Court afford her the same opportunity that it has afforded to other defendants for the same reasons.

**VI. Jury Nullification**

Defendant agrees that jury nullification arguments are not appropriate at trial.

**VII. Defendant's Good Conduct or Culpability as Compared to Others**

This court has consistently held that defendants' acts on January 6, 2021 are relevant, regardless of whether they are characterized as "good" or "bad." See *United States v. Easterday*, No. CR 22-404 (JEB), 2023 WL 6646384, at *4 (D.D.C. Oct. 12, 2023) ("the more prudent course is to rule on specific issues as they arise at trial. After all, Easterday's conduct — good and bad — on the day in question is generally admissible."); *United States v. Baez*, No. CR 21-0507 (PLF), 2023 WL

8

6364648, at *10 (D.D.C. Sept. 29, 2023) ("The Court disagrees with the government's assertion, however, that '[a]ny alleged specific good acts by the defendant are not connected to the issues of this case.' How Ms. Baez chose to comport herself on January 6, 2021 is squarely at issue in this case; she is charged in Count One with 'corruptly' obstructing or impeding an official proceeding, and in Count Three and Count Four with 'engag[ing] in disorderly or disruptive conduct.' Ms. Baez's conduct on January 6, 2021 – including her 'allegedly helpful acts,' is directly relevant to several elements that the government must prove beyond a reasonable doubt. The Court will not prohibit Ms. Baez from introducing relevant evidence about her specific actions on or near the Capitol grounds on January 6, 2021 solely because those actions may be characterized as 'good' or 'helpful.'") (internal citations omitted).

Therefore, Defendant asks that this Court afford her the same opportunity that it has afforded to other defendants for the same reasons.

## CONCLUSION

WHEREFORE, for the foregoing reasons and such other reasons that may appear just and proper, Defendant Jeanette Mangia respectfully asks that this Court deny the government's motion in limine [58] in part, and grant it in part.

Defendant, by counsel, requests a hearing on this motion.

Respectfully Submitted,

_____
Allen H. Orenberg, #395519
The Orenberg Law Firm, LLC
200-A Monroe Street, Suite 233
Rockville, Maryland 20850
Tel. No. 301-807-3847
Fax No. 240-238-6701
aorenberg@orenberglaw.com
Counsel for Ms. Jeanette Mangia

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2024, I filed the foregoing Defendant's Response to United States' Motion in Limine [58] to all case registered parties by CM/ECF.

_____
Allen H. Orenberg