UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 23-CR-288 (BAH) |
| : | |
| JEANETTE MANGIA, : | |
| : | |
| **Defendant.** : | |

## UNITED STATES' MOTION TO REVOKE RELEASE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court pursuant to 18 U.S.C. § 3148(b) to issue a bench warrant for the defendant, Jeanette Mangia, for violations of the terms of her pre-trial release, revoke her release order, detain her pending the case proceedings in this matter, and commit her to the custody of the Bureau of Prisons for a competency screening.

## BACKGROUND

### I.     The Defendant's Actions on January 6, 2021

The government has previously set forth the facts of this case. *See* ECF 1-1; ECF 38 at 1-4; ECF 58 at 15-16; ECF 64 at 1-4. As relevant here, on January 6, 2021, after attending the former president's rally, the defendant and her codefendant made their way to the Capitol and breached it through the Senate Wing Door two minutes after the initial breach of the building. Inside, she took a wide-ranging path that, over the course of more than forty minutes, brought her, among many other places, into the personal office of the Speaker of the House and on to the Senate Floor. Shortly after 3:00 p.m., the defendant had a confrontation with police officers after she refused to leave and had to be physically picked up and carried from the building by several officers as she kicked and flailed. Outside of the building, the defendant kicked a Capitol police officer in the groin area. The defendant then re-entered the building approximately fifteen minutes later and

pushed her way into the Rotunda before leaving after feeling the effects of chemical irritants.

## II. Criminal Charges Against the Defendant and his Current Release Conditions

The defendant was charged via criminal complaint and arrested on April 27, 2023. On May 2, 2023, the defendant had her initial appearance in the District of Columbia before Magistrate Judge G. Michael Harvey, who set the defendant's conditions of release. *See* ECF 8. Among the defendant's release conditions was that she "must appear in court as requested." *Id.* at 1.

On August 23, 2023, a grand jury returned an indictment charging the defendant with nine offenses: (1) in count one, obstruction of an official proceeding and aiding and abetting in violation of 18 U.S.C. §§ 1512(c)(2), 2; (2) in count two, civil disorder, in violation of 18 U.S.C. § 231(a)(3); (3) in count three, assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111(a)(1); (4) in count four, entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); (5) in count five, engaging in disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); (6) in count six, engaging in physical violence in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(4); (7) in count seven, entering and remaining on the floor of congress in violation of 40 U.S.C. § 5104(e)(2)(A); (8) in count eight, entering or remaining in certain rooms of the Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(C); (9) in count nine, committing disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5103(e)(2)(D); (10) in count ten, committing acts of physical violence in the Capitol grounds or buildings; and (11) in count eleven, parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G). Following the defendant's rejection of a plea offer and a stipulated bench trial, the Court scheduled trial to commence on July 29, 2024.

On June 5, 2024, in response to a *pro se* letter sent by the defendant, *see* ECF 69, and a

motion by the defendant's attorney for a competency screening, *see* ECF 68 (filed under seal), this Court ordered that the defendant be undergo a preliminary screening for competency, *see* ECF 70. Per the Court's order, the defendant was to physically appear at her attorney's office on June 14, 2024, for a forensic screening by the Department of Behavioral Health. ECF 70 at 1. On June 11, 2024, *see* ECF 74-4, the defendant sent this Court via Priority Express Mail a signed handwritten letter in which she stated, "i (*sic*) woman received threatening correspondence from your office (see attached)." ECF 74. Included with this letter was a copy of the Court's order directing the defendant to appear on June 14, 204. *See* ECF 74-2. The defendant went on to state that she would not participate further in the proceedings in this case or recognize orders of this Court without a cash payment. *Id.* On June 14, 2024, the defendant did not appear for her court ordered preliminary screening. *See* ECF 72.

## ARGUMENT

### I.    Applicable Law

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release." Upon the government's motion to revoke a release order, such as the instant motion, "[a] judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release." 18 U.S.C. § 3148(b). Once before the Court, the judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer –

> (1)    finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and

> (2)    finds that – (A) based on the factors set forth in section 3142(g) . . . , there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety

>of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release.

*Id.* Moreover, the judicial officer may amend a release order "at any time." 18 U.S.C. § 3142(c)(3).

Given the defendant's failure to appear for her court ordered preliminary screening, there is clear and convincing evidence that she violated the condition her release requiring her to appear as required. Therefore, the government moves to revoke the defendant's release conditions and asks the Court to issue a bench warrant for her arrest.

**II.     The Defendant has Violated Her Conditions of Release and Poses a Risk of Flight.**

The defendant's release conditions provide that "the defendant must appear in court as required." ECF 8 at 1. The defendant has violated this condition. This Court ordered the defendant to appear in person at one of her attorney's offices for a preliminary competency screening with the Department of Behavioral Health. Yet, despite the Court's clear orders, the defendant did not comply, did not appear, and was not screened. *See* ECF 72. There is no question that the defendant knew that she had been ordered to appear because, three days before her scheduled preliminary screening, the defendant sent the Court a copy of the Court's own order directing her to appear at her attorney's office on June 14. *See* ECF 74-2. The defendant therefore not only did not appear for a Court ordered screening but also communicated her intent not to appear prior to the hearing. The defendant has thus evinced an intent to no longer cooperate with the proceedings in this case or abide by the lawful orders of this Court.

Once the court finds, pursuant to 18 U.S.C. § 3148(b)(1)(B), that there is clear and convincing evidence that the defendant violated a condition of her release, then the judicial officer "*shall* enter an order of revocation and detention" (emphasis added) if "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of another or person or the community." 18 U.S.C. § 3148(b)(2)(A). The defendant

4

clearly poses a flight risk. While on pre-trial release facing serious charges arising from her actions as part of the riot at the Capitol, the defendant consciously disobeyed an order issued by this Court. The defendant further indicated that she does not intend to cooperate with the ongoing proceedings in this case. There are few cases where a person can pose a greater risk of flight than a case such as this one where the defendant stated directly to the Court that she would not cooperate with the proceedings and then made good on her word by deliberately disobeying an order to appear.

WHEREFORE, the government respectfully requests that this Court issue a bench warrant for the defendant, pursuant to 18 U.S.C. § 3148(b), for violating her pre-trial release conditions, issue an order revoking her pre- trial release, order the defendant detained pending resolution of her case, and further order that the defendant be committed to the custody of the Bureau of Prisons for a competency screening.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   *s/ Sean P. McCauley*
SEAN P. McCAULEY
Assistant United States Attorney
New York Bar No. 5600523
United States Attorney's Office
For the District of Columbia
601 D Street, NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

SEAN J. BRENNAN
Assistant United States Attorney
NY Bar No. 5954128
601 D Street NW
Washington, DC 20530
Sean.Brennan@usdoj.gov
(202)252-7125

5