IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No.23cr00288 (BAH) |
| v. : | |
| : | |
| JEANETTE MANGIA : | |
| : | |

*(defendant)*

## MOTION TO VACATE ORDER(S) OF COMPETENCY

**COMES NOW**, Jeanette Mangia by and through undersigned counsel and moves to vacate the order(s) of a forensic screening for preliminary assessment of competency. The following is in support: Mangia's prior counsel filed a motion for competency on or about June 14, 2024, based upon (1) receiving 3 letters which appear to put forth a "sovereign citizen defense" signed with the names of by both Timothy-Andrew Young and Ms. Mangia;[1] and (2) lack of responses back from Ms. Mangia of letters, emails and phone calls made to her by prior counsel. Prior to the 3 letters received and lack of responses back from Mangia, prior counsel found her to be competent and productive.

Prior to submitting the motion for competency screening it appears prior counsel did not have a chance to discuss with Ms. Mangia about the letters that he received. The letters appear to have been written by Mr. Young. Each letter starts out with "amen i man serve living notice upon you that the woman named…. is my property…". At the end of each letter the name Timothy-Andrew Young is listed first with what appears to be a fingerprint and underneath his name, Ms. Mangia's full name is written also with a

---

[1] The final letter received also included copies of four pre-trial motions prior counsel filed with markings. Prior counsel was unsure of who made the markings on the motions.

fingerprint. The letters explain that Ms. Mangia is the "property" of the letter writer. The letters ask in so many words for an explanation of what property damage Ms. Mangia is alleged to have damaged.[2] For example a letter addressed to Matthew Graves, United States Attorney, states "I require an itemized bill showing damages caused by my property, accompanied by the proof she is who caused the damage." The letters go on to identify Ms. Mangia as "her" and "she" and are differentiated from the letter writer who identifies himself as a "man." The letters are not written in normal colloquial writing but it was not Ms. Mangia who wrote the letters.

      Prior counsel also received an email from Ms. Mangia's email address but it was again signed by Timothy-Andrew Young and the content of the letter indicated it was not written by Ms. Mangia. Hence it appears that at some point, Mr. Young decided to assert himself between prior counsel and Ms. Mangia. He also appears to have provided her advice and guidance relative to how to handle her case and probably convinced her to no longer contact her counsel at the time.

      Prior counsel explained in his motion for the evaluation that he has not received communication back from Ms. Mangia, only the letters written and the email from Young. But having a client who chooses to not communicate further does not mean the client has become incompetent. Nor does permitting someone else submit letters on one's behalf objecting to the handling of the case and asking questions about the matter in a someone convoluted manner, and with "sovereign citizen" type objections. There was no indication for close to one year of representing Ms. Mangia of her having

---

[2] A plea offer had been made to Ms. Mangia in which restitution in an amount certain for damages to the property of the Capitol was included. Upon information and belief, the Young letters request an understanding of what damage Ms. Mangia personally made to the Capitol which support the restitution amount in the plea agreement.

competency issues. One thing would be for a defendant to speak incomprehensibly but maintaining silence does not equate to incompetence nor the need for a forensic analysis. Understandably, prior counsel would have been concerned about the lack of direct response from Ms. Mangia and instead receipt of correspondence and communications from someone else. But this, if anything, would amount to the need for an attorney inquiry and potential motion to withdraw. The motion for competency screening was not ripe, nor ultimately, was it necessary.

Ms. Mangia asserts her competence and does not need a forensic evaluation. Undersigned has found Ms. Mangia to have understood everything that undersigned has explained to her to date. She understands the role of the court, her attorney and the prosecution. She appreciates the charges against her and is aware that the Supreme Court recently ruled in a manner which effects the charge of count one. She also acknowledges that she understands that the letters written by Mr. Young caused the current situation she finds herself in, namely the order for forensic examination.

**WHEREFORE** for these reasons and any others the Court deems relevant, Jeanette Mangia moves this Honorable Court vacate the order(s) for competence screening.

Respectfully submitted,

/s/

_____
Elita C. Amato
D. C. Bar # 442797
2111 Wilson Blvd., 8th Floor
Arlington, VA 22201
703-522-5900

3

## CERTIFICATE OF SERVICE

I hereby certify that this Entry of Appearance was filed electronically through the ECF filing system on this 8th day of AUGUST 2024, thereby, providing service electronically upon all parties in this case, including Government counsel.

/s/
------

Elita C. Amato