UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-288 (BAH) |
| | : | |
| JEANETTE MANGIA, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## JOINT STATUS REPORT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Jeanette Mangia, through her attorney, hereby submit this joint status report in response to this Court's August 9, 2024, Minute Order.

I.   **Procedural Background**

On June 5, 2024, in response to a *pro se* letter sent by the defendant, *see* ECF No. 69, and a motion by Ms. Mangia's attorney for a competency screening, ECF No. 68 (filed under seal), this Court ordered that Ms. Mangia undergo a preliminary screening for competency, ECF No. 70. Per the Court's order, Ms. Mangia was to physically appear at her attorney's office on June 14, 2024, for a forensic screening by the Department of Behavioral Health. ECF No. 70 at 1. On June 14, 2024, Ms. Mangia did not appear for this preliminary screening. *see* ECF No. 72.

The government then moved to revoke Ms. Mangia's conditions of release, ECF No. 79, and this Court issued a bench warrant for her arrest. *See* Jun. 25, 2024, Minute Order. The Court ordered that, upon her arrest, Ms. Mangia be committed to the custody of the Bureau of Prisons for a competency hearing. *Id.* Upon her arrest, Magistrate Judge G. Michael Harvey ordered that Ms. Mangia be examined by a clinical psychologist, Dr. Teresa Grant, for a preliminary assessment of her competency, ECF No. 91, but Ms. Mangia refused to participate in the examination. ECF No. 92.

On August 1, 2024, new counsel was appointed to represent Ms. Mangia. *See* Aug. 1, 2024 Minute Entry. Defense counsel then moved to vacate the Court's orders requiring that Ms. Mangia undergo a competency evaluation, arguing that the motion for a competency screening filed by Ms. Mangia's previous attorney "was not ripe, nor ultimately, was it necessary." ECF No. 96 at 3. At a subsequent status conference, on August 9, 2024, the government voiced its concern about moving forward to trial without a competency evaluation, particularly after the issue had been raised on the record.

To avoid delays that could be caused by remanding Ms. Mangia to the Bureau of Prisons for competency evaluations, the Court instructed the parties to consider alternative methods of resolving any questions about Mr. Mangia's competency. In particular, the parties understood the Court to suggest that the parties consider an in-court colloquy between the Court and Ms. Mangia, to be conducted with Dr. Grant or another forensic psychologist present in the courtroom.

## II.     The Parties' Proposal for the September 5, 2024 Status Conference

The parties have explored the feasibility of an in-court colloquy, designed to assess Ms. Mangia's competency. In particular, the government consulted with Dr. Dia Boutwell, a board-certified forensic psychologist and Chief of the Psychological Evaluations Section of the Bureau of Prisons. The government worked with Dr. Boutwell to prepare a list of questions that Dr. Boutwell believes will allow Dr. Grant, or any other forensic psychologist, to assess Ms. Mangia's competency. The government then provided these questions to defense counsel and, as necessary, the parties worked together to reach a mutually agreeable list of questions to be used for an in-court colloquy.

On August 30, 2024, defense counsel met with Ms. Mangia to discuss various aspects of this case. In particular, defense counsel discussed the possibility of resolving questions of Ms. Mangia's competency through the proposed in-court colloquy. At that time, Ms. Mangia indicated her willingness to participate in this colloquy at the upcoming September 5, 2024 status

conference.

The parties therefore propose that, during the September 5, 2024 status conference, the Court hold a colloquy with Ms. Mangia, using the list of questions agreed upon by the parties,[1] in an attempt to resolve questions of Ms. Mangia's competency. The parties respectfully request that the Court order Dr. Grant, or another forensic psychologist, to attend this status conference and then, based on Ms. Mangia's responses to the Court's questions, produce a report assessing Ms. Mangia's competency.

Respectfully submitted,

FOR THE DEFENDANT

JEANETTE MANGIA

*/s/ Elita C. Amato*
ELITA C. AMATO
The Law Office of Elita C. Amato
DC Bar No. 442797
2111 Wilson Blvd., 8th Floor
Arlington, VA 22201
amato.law@comcast.net

FOR THE UNITED STATES

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

/s/ *Sean P. McCauley*
SEAN P. McCAULEY
Assistant United States Attorney
NY Bar No. 5600523
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

/s/ *Sean J. Brennan*
SEAN J. BRENNAN
Assistant United States Attorney
NY Bar No. 5954128
601 D Street NW
Washington, DC 20530
sean.brennan@usdoj.gov

---

[1] The parties will file these questions, separately and under seal, in advance of the September 5, 2024 status conference.