UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 23-cr-288 (BAH) |
| : | |
| **JEANETTE MANGIA,** : | |
| : | |
| : | |
| **Defendant.** : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO VACATE ORDER(S) OF COMPETENCY**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its opposition to the defendant's Motion to Vacate Order(s) of Competency, ECF No. 96, in response to this Court's September 3, 2024, Minute Order. As the government previously asserted orally at the August 9, 2024 Status Conference in this matter, questions of the defendant's competency have been raised on the record, and they cannot be resolved simply based on the representations of defense counsel. The government therefore opposes the defendant's motion unless and until Ms. Mangia undergoes a preliminary competency screening, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), and is found to be competent by this Court.

The mental competency of a defendant to stand trial is governed by 18 U.S.C. § 4241, which allows either party, or the Court, to move for a hearing to determine the mental competency of the defendant. *See* 18 U.S.C. § 4241(a). Under this statute, a court should order an evidentiary hearing, pursuant to 18 U.S.C. § 4247(d), "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against

him or to assist properly in his defense." 18 U.S.C. § 4241(a). Prior to this hearing, a court may order that a psychiatric or psychological examination be conducted and that a report be filed with the court. 18 U.S.C. § 4241(b).

Here, this Court has already ordered that a psychiatric or psychological examination of Ms. Mangia be conducted and that a report by filed in advance of a hearing on the issue of Ms. Mangia's competency. ECF No. 70. Therefore, this Court has found that, at the time of its Order, there existed "reasonable cause to believe that [Ms. Mangia] may be suffering from a mental disease or defect rendering [her] incompetent." The Court expressly based its Order on both the ex parte motion filed by Ms. Mangia's former attorney, ECF No. 68-2 (filed under seal), and Ms. Mangia's own *pro se* submission to the Court, ECF No. 69.

Despite this Court's Order—and a separate Order issued by Judge Harvey, ECF No. 91— Ms. Mangia has repeatedly refused to participate in any initial competency screening. *See* ECF Nos. 72, 92. And, in her Motion to Vacate Order(s) of Competency, the defendant does not allege any positive change in her mental health or competency in the time that has elapsed since this Court found, on June 5, 2024, reasonable cause to believe she may be incompetent. The defendant instead relies on representations from defense counsel that Ms. Mangia has "understood everything that [defense counsel] has explained to her to date." ECF No. 96 at 3. That may very well be the case, but, the Court having already found reasonable cause to question the defendant's competency, lay testimony from defense counsel is not sufficient to resolve this issue.

Because valid questions about the defendant's competency have been raised on the record and have not yet been resolved by a preliminary screening, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b), the defendant's Motion to Vacate Order(s) of Competency should be denied.

Respectfully submitted,

FOR THE UNITED STATES

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

/s/ *Sean P. McCauley*
SEAN P. McCAULEY
Assistant United States Attorney
NY Bar No. 5600523
601 D Street NW
Washington, DC 20530
Sean.McCauley@usdoj.gov

/s/ *Sean J. Brennan*
SEAN J. BRENNAN
Assistant United States Attorney
NY Bar No. 5954128
601 D Street NW
Washington, DC 20530
sean.brennan@usdoj.gov