**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 23-CR-288 (BAH) |
| : | |
| **JEANETTE MANGIA,** : | |
| : | |
| **Defendant.** : | |
| : | |

**GOVERNMENT'S MOTION TO COMMIT THE**
**DEFENDANT TO THE CUSTODY OF THE BUREAU**
**OF PRISONS FOR A COMPETENCY EVALUATION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court, pursuant to 18 U.S.C. §§ 4241 and 4247(b), to commit the defendant, Jeanette Mangia, to the custody of the Bureau of Prisons for a period not to exceed 45 days in order to undergo a competency evaluation.

The government has previously set forth the detailed procedural history of the competency proceedings in this case, *see* ECF 100 at 1-2, but briefly sets forth the procedural history and developments thereto as relevant to this motion. On August 9, 2024, this Court ordered the parties to meet and confer about how to have the defendant examined for competency short of committing her to the custody of the Bureau of Prisons. *See* Minute Order, August 9, 2024. After conferral, the parties agreed on a process by which the defendant could be examined in court in the presence of Dr. Theresa Grant from the D.C. Department of Behavioral Health. *See* ECF 100. The parties agreed on questions that could be asked of the defendant by the Court to determine her competency. *See* ECF 103-1 (filed under seal). On September 5, 2024, the Court held a status conference to ask questions of the defendant to determine her competency. The defendant refused to cooperate with the proceedings. The Court, pursuant to its lawful discretion, ordered the

1

government to submit, on or before close of business on September 6, 2024, a motion to commit the defendant to the custody of the Attorney General. *See* Minute Order, September 5, 2024.

The mental competency of a defendant to stand trial is governed by 18 U.S.C. § 4241, which allows either party, or the Court, to move for a hearing to determine the mental competency of the defendant. *See* 18 U.S.C. § 4241(a). Under this statute, a court should order an evidentiary hearing, pursuant to 18 U.S.C. § 4247(d), "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Prior to this hearing, a court may order that a psychiatric or psychological examination be conducted and that a report be filed with the court. 18 U.S.C. § 4241(b).

By ordering a psychiatric or psychological examination of Ms. Mangia be conducted, ECF 70, and scheduling multiple hearings on this matter, this Court necessarily found that there existed reasonable cause to question the defendant's competency. Section 4241(a)'s standard has, therefore, already been met, and the government submits that the defendant's conduct during the September 5, 2024, hearing further confirms these reasonable concerns about her competency.

Particularly where, as here, the defendant has refused to comply with Court orders for initial competency screenings, the court has discretion under 18 U.S.C. § 4247(b) to order the defended committed to the custody of the Attorney General for purposes of examination. Such commitment may be for a reasonable period, not to exceed thirty days, subject to extension for an additional fifteen days on application of the director of the facility making the examination.

In light of the reasonable concerns about the defendant's competency that have been raised on the record in this case and the defendant's refusal to participate in other forms of

competency evaluations, the government respectfully moves for this Court to (1) Commit the defendant, pursuant to 18 U.S.C. §§ 4241, 4271(b), to the custody of the Attorney General and the Bureau of Prisons for a period not to exceed 45 days in order to conduct the requisite competency evaluation; and (2) to further order that a report of that examination be filed with the Court, pursuant to 18 U.S.C. § 4247(c), no later than 45 days after the Defendant's arrival at the designated facility.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      UNITED STATES ATTORNEY
                                      D.C. Bar No. 481052

By:   */s/ Sean P. McCauley*
        SEAN P. McCAULEY
        Assistant United States Attorney
        New York Bar No. 5600523
        United States Attorney's Office
        For the District of Columbia
        601 D Street, NW
        Washington, DC 20530
        Sean.McCauley@usdoj.gov

        */s/ Sean J. Brennan*
        SEAN J. BRENNAN
        Assistant United States Attorney
        New York Bar No. 5954128
        601 D Street NW
        Washington, DC 20530
        Sean.Brennan@usdoj.gov
        (202) 252-7125

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case No. 23-CR-288 (BAH) |
| : | |
| **JEANETTE MANGIA,** : | |
| : | |
| **Defendant.** : | |
| : | |

### [PROPOSED] ORDER

In response to a motion from former defense counsel and the Court's own finding that there is reasonable cause to believe that she may presently be suffering from a mental disease or defect rendering her mentally incompetent, the Court previously ordered that the Defendant, Jeanette Mangia, undergo a psychiatric or psychological examination to determine her competency. ECF No. 70; *see also* ECF No. 91 (Order of Magistrate Judge Harvey). The Defendant has refused to participate in any such examination, including an in-court examination scheduled to occur at at the September 5, 2024, status conference in this case. Because the Court finds that a psychiatric examination and report is necessary to determine whether the Defendant is competent, it is hereby

**ORDERED**, in accordance with the provisions of 18 U.S.C. §§ 4241, 4247(b) that the Defendant is committed to the custody of the Attorney General for placement for a determination of whether she is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense; and it is further

**ORDERED** that a report of that examination shell be filed with the Court pursuant to the provisions of 18 U.S.C. § 4247(c) no later than 45 days after the Defendant's arrival at the

4

designated facility; and it is further

**ORDERED** that counsel for the United States shall file a status report by **September 23, 2024**, updating the Court regarding the designations of a facility and the United States Marshal Service's efforts to transport the Defendant to that facility.

**SO ORDERED**.

Dated:

_____
HON. BERYL A. HOWELL
United States District Judge